**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4732**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

GILBERTO RAMOS,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:12-cr-00224-GBL-1)

─────────────

Submitted: April 29, 2014          Decided: May 8, 2014

─────────────

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Joseph D. King, KING, CAMPBELL, PORETZ, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael P. Ben'Ary, Elizabeth N. Eriksen, Nicholis D. Mutton, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto Ramos was convicted after a jury trial of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). Prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851 (2012), to establish Ramos' 1990 California conviction for felony possession of marijuana for sale. The district court imposed a statutory mandatory minimum sentence of 240 months of imprisonment, a downward variance from the Guidelines range of 292 to 365 months. On appeal, Ramos argues that the district court erred in failing to submit to the jury the issue of whether he had previously been convicted of a felony drug offense sufficient to trigger the enhanced statutory mandatory minimum penalties and that the district court erred by applying a four-level enhancement for his leadership role in the drug conspiracy. Finding no error, we affirm.

In order to demonstrate that the district court erred in failing to submit his prior felony drug offense to the jury, Ramos relies primarily on the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151, 2155, 2163-64 (2013) (holding that any fact that increases statutory mandatory minimum is element of offense that must be submitted to jury and found beyond a reasonable doubt). Ramos correctly acknowledges, however, that this claim is foreclosed by Almendarez-Torres v.

2

United States, 523 U.S. 224 (1998). See Alleyne, 133 S. Ct. at 2160 n.1; see also United States v. McDowell, 745 F.3d 115, 123-24 (4th Cir. 2014) ("Almendarez-Torres remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary."). Thus, this claim is without merit.

Next, Ramos argues that the district court erred by applying a four-level enhancement for his leadership role in the drug conspiracy. A four-level enhancement for a defendant's role in the offense may be applied "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2012). Ramos does not contest that the criminal activity in this case involved five or more participants or was otherwise extensive but argues that the evidence was insufficient to establish that he exercised any leadership role.

"[T]he aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted; discussing USSG § 3B1.1(b)); see United States v. Thorson, 633 F.3d 312, 318 (4th Cir. 2011) (discussing factors used in applying § 3B1.1(a)). The defendant need only have exercised control

3

over one participant.  See USSG § 3B1.1 cmt. n.2.  This court reviews the district court's application of a leadership enhancement for clear error.  United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013).  Our review of the record leads us to conclude that the district court did not clearly err in finding that the § 3B1.1(a) enhancement was supported by the testimony describing Ramos' actions directing others, arranging cocaine shipments, and collecting money.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED